IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HUEY-LI LI,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF AKRON<br><br>Defendant. | CASE NO. 5:21 CV-02277<br><br>JUDGE SARA LIOI<br><br>**(JURY TRIAL DEMAND ENDORSED HEREON)**<br><br>**ANSWER OF**<br>**THE UNIVERSITY OF AKRON** |

NOW COMES Defendant, The University of Akron, ("Defendant") by and through counsel, to answer the Complaint filed against it by Huey-li Li ("Plaintiff"). Defendant states for its Answer as follows:

1. As to paragraph 1 of Plaintiff's Complaint, Defendant admits Plaintiff purports to reside in the State of Ohio. Further answering, Defendant denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief as to the veracity thereof.

2. As to paragraph 2 of Plaintiff's Complaint, Defendant admits the allegations.

3. As to paragraph 3 of Plaintiff's Complaint, Defendant admits it employed Plaintiff for a time period from on or about Fall 1995, to on or about August 21, 2020. Defendant avers its Board of Trustees passed a resolution on July 15, 2020, that eliminated the position held by Plaintiff. Further answering, Defendant admits Plaintiff had tenured status at the time her position was eliminated by Defendant. Defendant denies the remainder of the allegations.

1

4. As to paragraph 4 of Plaintiff's Complaint, Defendant denies the allegations.

5. As to paragraph 5 of Plaintiff's Complaint, Defendant denies the allegations.

6. As to paragraph 6 of Plaintiff's Complaint, Defendant admits Plaintiff filed a charge of discrimination against Defendant on or about October 23, 2020 that included claims of discrimination based on race and/or national origin. Further answering, Defendant denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief as to the veracity thereof.

7. As to paragraph 7 of Plaintiff's Complaint, Defendant denies the allegations for lack of knowledge or information sufficient to form a belief as to the veracity thereof.

8. As to paragraph 8 of Plaintiff's Complaint, Defendant admits Plaintiff taught courses in its School of Education prior to Defendant's Board of Trustees passing a resolution on July 15, 2020 that eliminated the position held by Plaintiff. Further answering, Defendant admits that there are courses taught prior to implementation of the July 15, 2020 campus-wide reduction-in-force ("RIF") that were taught after the RIF and as of December 3, 2021. Further answering, Defendant denies the remainder of the allegations.

9. As to paragraph 9 of Plaintiff's Complaint, Defendant admits it offered Plaintiff available part-time teaching opportunities pursuant to Defendant's contractual obligations with the exclusive representative of the bargaining unit for faculty, Akron-AAUP. Further answering, Defendant paid Plaintiff the compensation authorized for the part-time teaching opportunities she accepted to teach after Defendant implemented its July 15, 2020 campus-wide reduction-in-force. Further answering, Defendant denies the remainder of the allegations.

## COUNT I
## NATIONAL ORIGIN AND/OR RACE DISCRIMINATION
## 42 U.S.C. § 2000e, et seq.

10. As to paragraph 10 of Plaintiff's Complaint, Defendant reasserts and reincorporates herein each answer contained in paragraph 1 through 9 as if fully rewritten herein.

11. As to paragraph 11 of Plaintiff's Complaint, Defendant denies the allegation as it calls for a legal conclusion.

12. As to paragraph 12 of Plaintiff's Complaint, Defendant denies the allegation as it calls for a legal conclusion.

13. As to paragraph 13 of Plaintiff's Complaint, Defendant denies the allegations.

14. As to paragraph 14 of Plaintiff's Complaint, Defendant denies the allegations.

15. Defendant denies all allegations in Plaintiff's Complaint not specifically addressed in the foregoing paragraphs 1 through 14.

16. Defendant avers the stated items in the prayer for relief of Plaintiff's Complaint should be denied in their entirety.

## AFFIRMATIVE AND OTHER DEFENSES

17. Plaintiff's Complaint fails, in whole or in part, to state claims upon which relief can be granted.

18. Plaintiff's Complaint fails based on the principle of Arbitration and Award.

19. Defendant is entitled to sovereign immunity and full/absolute and qualified immunities and privileges available under federal law.

20. Defendant is entitled to all immunities, privileges, and other defenses available under Ohio Revised Code Chapter 2743 and/or state common law.

21. Defendant had a legitimate, non-discriminatory, non-retaliatory reason for all its actions and/or there is insufficient evidence of pretext for national origin or race (or any other alleged) discrimination and/or retaliation.

22. Defendants established policies, programs, and procedures for the prevention and detection of unlawful discrimination and retaliation and complied with such policies, programs, and procedures.

23. Defendant did not engage in intentional discrimination or retaliation and cannot be liable for punitive damages.

24. If the Court concludes that any of Defendant's actions or decisions were motivated, in part, by a discriminatory or retaliatory motive, then Defendant would have taken the same action in the absence of any unlawful motive.

25. To the extent Plaintiff claims to have engaged in protected conduct, which Defendant expressly denies, Plaintiff did so in an unreasonable manner and thereby forfeited any protection afforded under the law.

26. Some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or the doctrines of estoppel, accord and satisfaction, collateral estoppel, waiver, consent, laches, and res judicata.

27. None of Defendant's actions were malicious or made with reckless indifference, and punitive damages are also not otherwise warranted under Ohio Revised Code § 2315.21, 42 U.S.C. § 1981a, or any other federal or state statutory or common law.

28. Plaintiff's claim fails as a matter of law should there be a failure to provide evidence of compliance with all conditions precedent and/or other prerequisites to filing the federal discrimination claim(s).

29. Plaintiff failed to exhaust all available administrative remedies.

30. Plaintiff was not treated differently than similarly situated, non-protected employees.

31. Plaintiff is not entitled to all or part of the relief sought.

32. Plaintiff's claims and/or remedies are barred, in whole or in part, by the Doctrine of After-Acquired Evidence.

33. Plaintiff's claims are barred because Defendant had, at all relevant times herein, acted in good faith and did not violate any rights which may be secured to Plaintiff under any federal or state laws, rules, regulations, or guidelines.

34. Plaintiff's claims are barred for failure to mitigate damages and other relief claimed, or, in the alternative, the damages and other relief are barred or limited to the extent Plaintiff failed to mitigate same.

35. Plaintiff's Complaint is barred, in whole or in part, because Defendant exercised reasonable care to prevent and/or correct promptly any discriminatory or retaliatory conduct.

36. To the extent Plaintiff seeks equitable relief, that request is barred based on other adequate remedies at law.

37. Plaintiff's claims may be limited or barred, in whole or in part, by any statutory or common law defenses or limitations on damages, including setoff, collateral source, contribution, and/or indemnity.

38. Plaintiff's request for attorney's fees and costs may be limited or barred, in whole or in part, by the limitations on attorney fee awards under 42 U.S.C. § 1988, Rule 54 of the Federal Rules of Civil Procedure, and Ohio law.

39. Defendant reserves the right to raise additional defenses as discovery proceeds.

WHEREFORE, having fully answered, Defendants pray that this Court dismiss Plaintiff's Complaint in its entirety, with prejudice, with costs, and reasonable attorneys' fees, taxed to Plaintiff, and such other relief as may be appropriate and as ordered by this Court.

Respectfully Submitted,

ZASHIN & RICH Co., L.P.A.

*/s/ Sarah J. Moore*

**George S. Crisci (#0006325)**
gsc@zrlaw.com
**Sarah J. Moore (#0065381)**
sjm@zrlaw.com
950 Main Avenue 4th Floor
Cleveland, OH 44113
Telephone: (216) 696-4441
Facsimile: (216) 696-1618

*Attorneys for Defendant The University of Akron*

JURY DEMAND

Defendant demands a trial by jury on all issues.

*/s/ Sarah J. Moore*
Sarah J. Moore, Esq.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 13, 2022 the foregoing document was served via the Court's electronic filing system.

/s/ Sarah J. Moore
**George S. Crisci (#0006325)**
gsc@zrlaw.com
**Sarah J. Moore (#0065381)**
sjm@zrlaw.com
**ZASHIN & RICH CO., L.P.A.**
950 Main Avenue, 4th Floor
Cleveland, OH 44113
T: (216) 696-4441
F: (216)696-1618

*Attorneys for Defendant The University of Akron*